**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DONALD W. GENTRY,

    Petitioner,

v.                                          CASE NO: 8:05-CV-1925-T-30TGW

JAMES CROSBY, JR.,
SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner, a Florida state prisoner proceeding *pro se,* initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Respondent filed a Response (Dkt. 9), and Petitioner filed a Reply (Dkt. 11). The matter is now before the Court for consideration on the merits.

**Background**

On July 16, 1998, Petitioner pled no contest to the following charges: Count 1, first degree murder; Count 2, attempted first degree murder with a deadly weapon; Count 3, attempted first degree murder with a deadly weapon; Count 4, burglary with a firearm or deadly weapon; and Count 5, robbery with a firearm or deadly weapon (Dkt. 10, Ex. 3, at 2). The trial court sentenced Petitioner to life in prison without parole on Count 1; a consecutive

1

life sentence on Count 2; and 28-year sentences, concurrent with each other and Count 1, on Counts 3, 4, and 5 (Dkt. 10, Ex. 1, at 1, 11). Petitioner did not appeal his conviction or sentence; therefore, his conviction became final on August 15, 1998, thirty days after his sentencing. See Gust v. State, 535 So. 2d 642, 643 (Fla. 1st DCA 1988) (holding that when a defendant does not appeal his conviction or sentence, the judgment and sentence become final when the thirty-day time period for filing an appeal expires).

On February 24, 2000, Petitioner filed a *pro se* "Emergency Petition for Writ of Habeas Corpus Based on Ineffective Assistance of Trial Counsel," construed as a Petition for Belated Appeal, in the state appellate court, in which Petitioner "specifically alleges that he told his Trial Counsel to file a Notice of Appeal and Counsel failed to comply with [Petitioner]'s request to file a timely Notice of Appeal" (Dkt. 10, Ex. 4, at 4). The state appellate court referred the case to the Circuit Court as commissioner to take testimony and make findings and recommendations (Dkt. 10, Ex. 6). Having conducted a hearing on May 26, 2000 (Dkt. 10, Ex. 7), the Circuit Court judge issued his written recommendation on June 12, 2000, that the Petition for Belated Appeal be denied, based on his finding of fact that Petitioner did not request his attorney to file an appeal (Dkt. 10, Ex. 8, at 3). The state appellate court denied the petition on June 26, 2000 (Dkt. 10, Ex. 9).

On August 1, 2000, Petitioner filed his first state application for postconviction relief (Dkt. 10, Ex. 10). See Fla. R. Crim. P. 3.850 (2000). Petitioner claimed four grounds of ineffective assistance of counsel for: (1) "advising defendant to plead guilty to the charges . . . ;" (2) "failing to suppress the illegally obtained photo identification line-up, counsel nor

defendant were present at line-up;" (3) "failing to file motion to disqualify judge, due to the fact that judge played golf with victims [sic] father;" (4) "failing to withdraw from the case <u>because</u> of conflict of interest, due to the fact that he represented victims [sic] father in earlier case" (Dkt. 10, Ex. 10, at i) (emphasis in original). On August 23, 2000, the trial court denied the application on its merits (Dkt. 10, Ex. 11, at 4-5). Petitioner's motion for rehearing was denied on September 20, 2000 (Dkt. 10, Ex. 13), the state appellate court per curiam affirmed without written opinion on January 31, 2001 (Dkt. 10, Ex. 16), and the mandate issued June 12, 2001 (Dkt. 10, Ex. 17).

On June 27, 2001, Petitioner filed his second Rule 3.850 motion (Dkt. 10, Ex. 18), in which he claimed that the "[t]rial court erred by convicting the defendant for burglary" where the facts show Petitioner was invited in (Dkt. 10, Ex. 18, at 4). On July 18, 2001, the trial court denied the motion (Dkt. 10, Ex. 19). Although this motion was filed more than two years after Petitioner's conviction and sentence became final, the trial court did not explicitly rule the motion time-barred and indeed seemed to address it on its merits (Dkt. 10. Ex. 19, at 3-4). Petitioner's motion for rehearing was denied on August 16, 2001 (Dkt. 10, Ex. 21), the state appellate court per curiam affirmed without written opinion on December 21, 2001 (Dkt. 10, Ex. 22), and the mandate issued January 17, 2002 (Dkt. 10, Ex. 23).

On January 18, 2002, Petitioner filed a state Petition for Writ of Habeas Corpus (Dkt. 10, Ex. 24), which was denied without written opinion on February 27, 2002 (Dkt. 10, Ex. 25). On November 17, 2003, Petitioner filed a Petition for Habeas Corpus with the Florida Supreme Court, which was dismissed as not authorized on August 3, 2004 (Dkt. 10, Ex. 26).

On September 2, 2004, Petitioner filed his third Rule 3.850 motion (Dkt. 10, Ex. 28). Petitioner claimed three grounds for relief: (1) "conflict of interests, fundamental error, and structural error existed when trial court judge failed to disqualify/recuse himself pursuant to code of judicial conduct, . . . violating defendants [sic] constitutional rights of the 1st, 5th, 6th, and 14th amendments of the U.S. Constitution;" (2) "defense counsel was deficient and negligent when he failed to demand recusal of trial judge, and withdraw from the case himself, violating defendants [sic] 6th and 14th amendment rights to a fair and impartial hearing, due process, meaningful and effective representation, and equal protection rights;" and (3) "the prosecution withheld exculpatory evidence from the court that tended to negate defendants [sic] guilt of crimes." On September 28, 2004, the trial court denied the motion, finding that it was time barred, and additionally that Grounds One and Two had already been brought and denied as Grounds Three and Four in Petitioner's first Rule 3.850 motion and were thus procedurally barred as successive (Dkt. 10, Ex. 29, at 3). The court did not address the merits of Ground Three (Dkt. 10, Ex. 29). The state appellate court per curiam affirmed on Januray 19, 2005, because the motion was successive and untimely (Dkt. 10, Ex. 30), and the mandate issued on February 15, 2005 (Dkt. 10, Ex. 31).

Petitioner filed a Petition Seeking Belated Appeal Alleging Ineffective Assistance of Counsel on April 8, 2005 (Dkt. 10, Ex. 32). The petition was dismissed as untimely on May 4, 2005 (Dkt. 10, Ex. 33).

Petitioner filed this federal habeas petition on October 11, 2005 (Dkt. 1),[1] raising two claims for relief, *verbatim*:

1. Ineffective assistance of trial counsel for failing to file the appropriate appellate paper work as required by law.

2. Petitioner contends that he is actually innocent. (Dkt. 1).

In response, Respondent asserts that the federal habeas petition is time barred, and additionally that Petitioner has no case on the merits. Having carefully reviewed the record, applicable statutes, and controlling case law, and being duly apprised of the arguments presented by the parties, for reasons set forth *infra* the Court agrees that Petitioner is not entitled to habeas relief.

**Standard of Review**

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) effective April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). If a state court initially considers the issues raised in the federal habeas petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. See Penry v. Johnson, 532

---

[1] Although the Court received Petitioner's petition on September 9, 2005, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). Petitioner executed his petition on September 2, 2005 (Dkt. 1 at 29).

U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003).

Under Section 2254(d), Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the state's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See also Price v. Vincent, 538 U.S. 634, 638-39 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003). Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## Discussion

Since Petitioner's convictions were entered after April 24, 1996, the date AEDPA was enacted, his petition is subject to the provisions thereof. Because a state court initially considered the claims raised by Petitioner, § 2254(d) governs the review of his claims. See Mobley v. Head, 267 F.3d 1312, 1316 (11th Cir. 2001).

**Timeliness**

Petitioner's federal habeas petition is denied as untimely because it plainly appears from the face of the petition and the prior proceedings that the petition is barred by the one-year limitation period mandated by AEDPA in 28 U.S.C. § 2244(d), which states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final when his time to appeal expired on August 15, 1998, thirty days after his sentencing. See Gust, 535 So. 2d at 643. Thus, absent statutory and/or equitable tolling, Petitioner had until August 15, 1999, to file a timely § 2254 petition. Petitioner seemingly admits that his federal habeas petition was filed after the statute of limitations had run, but offers three reasons why it is not time-barred: (1) "[t]he facts on which Petitioner relies were unknown at the time he filed his [petition for belated appeal]," (2) "Petitioner has shown proof that trial counsel deprived Petitioner of his right to appeal and therefore should be entitled to habeas corpus relief," and (3) "Petitioner is bringing forth

a claim of actual innocence which is not time barred" under § 2244(d) (Dkt. 1, at 14).

Petitioner's first argument apparently relies on § 2244(d)(1)(D) to place the start of the limitations period some time after Petitioner filed his Petition for Belated Appeal on February 24, 2000. However, Petitioner does not state in his petition which facts were unknown to him or how he discovered them. Regardless, even if the statute of limitations did not begin to run until after the Petition for Belated Appeal was denied in June 26, 2000, the instant petition would still be time barred.

Petitioner did not file the instant petition until October 11, 2005 (Dkt. 1, at 18). Petitioner, however, did properly file several state post-conviction motions. See 28 U.S.C. § 2244(d)(2). In the instant case, Petitioner did not file any application for review until his February 24, 2000 Petition for Belated Appeal more than sixteen months after his conviction became final, which the 2nd DCA denied on June 26, 2000 (Dkt. 10, Ex. 9). A review of the case law reveals that once the statute of limitations has run, even an otherwise "properly filed" petition for relief does not reset or restart the limitations period. Moore v. Crosby, 321 F.3d 1377, 1379 - 1381 (11th Cir. 2003) (holding that a petition for belated appeal filed outside the limitations period "does not relate back so as to toll idle periods preceding the filing of the federal petition"). Additionally, in Florida, if there was neither a "timely notice of appeal" nor a "granting of a belated appeal," Petitioner's "convictions and sentences became final thirty days after being imposed." Jones v. State, 922 So. 2d 1088, 1090 (Fla. 4th DCA 2006). Thus, Petitioner's Petition for Belated Appeal does not delay the running of the limitations period, which expired on August 15, 1999. See 28 U.S.C. §§

8

2244(d)(1)(A), 2244(d)(2).

Even if Petitioner's Petition for Belated Appeal somehow delayed the running of the limitations period, more than one year passed prior to the filing of his federal habeas petition in which Petitioner had no properly filed state petition pending. "A state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." Allen v. Siebert, 552 U.S. ___, 128 S. Ct 2, 3 (2007); see also Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)) (alteration in original). Therefore, any motion ruled untimely in state court does not toll the statute of limitations here.

Petitioner's first 3.850 motion was timely, and therefore would toll the statute of limitations if it had been filed before the limitations period had run. Petitioner's second 3.850 motion was filed more than two years after Petitioner's conviction and sentence became final, but was not explicitly rejected by the state court as untimely, so this Court will assume it was timely for purposes of the limitation period. Petitioner's third 3.850 motion and his April 8, 2005 Petition for Belated Appeal were both dismissed by the state court as untimely, and so do not toll the limitations period.

Thus, based on the procedural history and prevailing case law, Petitioner did not have a "properly filed" application for state relief pending between the dates of: August 15, 1998, and February 24, 2000; June 26, 2000, and August 1, 2000; June 12, 2001, and June 27, 2001; February 27, 2002, and November 17, 2003; August 3, 2004, and October 11, 2005.

Combined, there were more than fifty-three months after his conviction became final before he filed his federal habeas petition in which Petitioner had no "properly filed" petitions pending in the state court.

Petitioner's second argument, that his counsel failed to file an appeal, states a potential ground for habeas relief (and is considered below in Ground One), not a reason why this court should toll the AEDPA limitations period.

Petitioner's third argument for timeliness and Ground Two raise the same issue and will be discussed together. Petitioner makes a claim of actual innocence in an apparent attempt to bypass the statute of limitations and allow the court to address his petition on the merits.

Actual innocence is not a ground for habeas relief, but rather allows a petitioner to assert other grounds which would otherwise be procedurally barred. Petitioner apparently argues that his actual innocence claim excepts his federal habeas petition from the AEDPA limitations period. However, Petitioner's actual innocence claim here does not permit review of his other ground on the merits. First, the 11th Circuit has not held that actual innocence excepts a petition from the statute of limitations, see Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1315 (11th Cir. 2001); Wyzykowski v. Dept. of Corr., 226 F.3d 1213, 1217 (11th Cir. 2000), and indeed indicates that a claim of actual innocence does not bypass the one-year AEDPA statute of limitations, see Taylor v. Secretary, Dept. of Corrections, 230 Fed. Appx. 944 (11th Cir. 2007) ("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case

10

because Taylor has failed to make a substantial showing of actual innocence.").

Even if an actual innocence claim allows a § 2254 petition to bypass the statute of limitations, Petitioner's claim of actual innocence is without merit. In support of his actual innocence claim, Petitioner makes five arguments in Ground Two: (1) "[t]he only evidence was exculpatory which was withheld by the state," (2) "[t]here was no fingerprints or any D.N.A. [sic] of Petitioner found at the crime scene," (3) "the state . . . made a deal with the victim" to obtain her "coersed [sic] identification" of Petitioner in "an illegally obtained photo line-up," (4) "the trial judge played golf with the victim's father," and (5) "trial counsel represented the victim's father in an earlier case" (Dkt. 1, at 7, 16, 17).

None of these arguments allege any newly discovered facts supporting actual innocence. See Schlup v. Delo, 513 U.S. 298, 324 (1995). First, despite his conclusory allegation in his petition and his claim in his reply that exculpatory evidence "is the basis of Petitioner's actual innocence claim," Petitioner explains nowhere in his federal habeas petition or reply what evidence he is referring to, how it tends to negate his guilt, or when and how he became aware of its existence.[2]

Further, the rest of Petitioner's "actual innocence" arguments actually appear to be attempts to state grounds for habeas relief. However, addressing these arguments in order,

---

[2]Petitioner, in his reply, without ever actually revealing what "exculpatory evidence" he is referring to, states: "The State withheld exculpatory evidence, i.e., knowledge tending to negate the Petitioner's guilt. This evidence/knowledge is the basis of Petitioner's actual innocence claim. This suppression of exculpatory evidence constitutes a Constitutional violation of Petitioner's 6th and 14th Amendment rights and Constitutional error. Because of the State's suppression, this evidence was not available when Petitioner entered his plea. Had this evidence been available there is a reasonable probability that Petitioner would not have plead guilty, but would have insisted on going to trial, where it would be more likely than not, that jury would have found the Petitioner not guilty" (Dkt. 11, at 3).

each is without merit.

Regarding the physical evidence argument, Petitioner pled no contest and makes no claim in his federal habeas petition that Respondent misled him into believing physical evidence did exist before he pled. Next, Petitioner raised the illegal photo line-up issue as Ground Two of his first 3.850 motion, (Dkt. 10, Ex. 10, at 11) where, as in the instant petition, Petitioner "fail[ed] to support this conclusion [that the line-up was illegal] with any facts" (Dkt. 10, Ex. 11, at 4).[3]

Petitioner's fourth and fifth arguments in support of actual innocence were both denied on the merits by the state trial court. In his first 3.850 motion, Petitioner raised the judge's conflict issue as Ground Three and the counsel's conflict issue as Ground Four (Dkt. 10, Ex. 10, at 12, 14). The trial court found that "[Petitioner]'s allegations are directly contradicted by his previous actions" and that Petitioner clearly waived any conflict regarding his counsel and the judge at his plea and sentencing hearing (Dkt. 10, Ex. 11, at 5). Since Petitioner offers no evidence to rebut the state court's finding, these arguments are without merit. See 28 U.S.C. § 2254(e)(1).

Thus, Petitioner has not stated a valid claim of actual innocence, and statutory tolling does not apply.

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of

---

[3]Petitioner's only support for this claim in his federal habeas petition is the pure speculation that "the state made a deal with the victim, that they would not charge her for all the drugs and drug money found in the house, in exchange for her identification of the Petitioner." (Dkt. 1, at 17).

extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 1999) (per curiam). Petitioner has failed to show that his filing was untimely because of any extraordinary circumstances. Petitioner states in his reply that he "has been trying to obtain an appeal since his plea" (Dkt. 11, at 2), and yet even after his Petition for Belated Appeal was denied, Petitioner allowed several months to elapse between the filing of his various postconviction motions before filing his federal habeas petition. Petitioner has not alleged any facts which would show that, despite his due diligence, he was prevented from filing the federal petition in a timely manner.

**Ground One**

Finally, Even if Petitioner's federal habeas petition were not time barred, Petitioner does not state a valid claim for habeas relief. In Ground One, Petitioner claims ineffective assistance of counsel in that his trial counsel failed to file a timely appeal on his behalf (Dkt. 10, Ex. 1, at 6). Petitioner raised this claim previously in his initial Petition for Belated Appeal. The Circuit Court, acting as commissioner, conducted a hearing in which Petitioner's trial counsel testified that (1) he sent a letter to Petitioner after sentencing stating, ". . . you advised me that you did not wish to file an appeal," (2) Petitioner never mentioned an appeal, and (3) the first time that counsel heard about a desire to appeal was in an April 1999 phone call from Petitioner's family. (Dkt. 10, Ex. 7, at 7-9). The Circuit Court further found that Petitioner's counsel was a credible witness and made a finding of fact that Petitioner had not requested an appeal (Dkt. 10, Ex. 8, at 3). This Court is bound by the

findings of fact made by the state trial court unless Petitioner can show error by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner has offered no evidence to rebut the state court's finding and thus cannot prevail on Ground One.

**Conclusion**

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 1, 2008.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE